## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

**BRITTANY WILLIAMS,**

    *Plaintiff,*

    v.

**CLARITY SERVICES, INC.,**

    *Defendant.*

Case No. 1:25-cv-00025

**JURY TRIAL DEMANDED**

## COMPLAINT AND JURY TRIAL DEMAND

**COMES NOW**, the Plaintiff, **BRITTANY WILLIAMS** ("Ms. Williams"), by and through her undersigned counsel, Seraph Legal, P.A., and complains of the Defendant, CLARITY SERVICES, INC. ("Clarity"), and in furtherance thereof states as follows:

## PRELIMINARY STATEMENT

1.    This is an action brought by Ms. Williams against Clarity for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2.    Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331, as the FCRA is a federal statute.

3.    Clarity is subject to this Court's jurisdiction pursuant to section 48.193(1)(a)(1), *Florida Statutes* and Fed. R. Civ. P. 4(k).

4.      Venue is proper in the Northern District of Florida because Clarity committed and/or caused the acts of which Ms. Williams complains within Alachua County, which is in the Northern District of Florida.

## PARTIES

### Ms. Williams

5.      Ms. Williams is a natural person over the age of eighteen residing in the City of Gainesville, Alachua County, Florida, and is *sui juris*.

6.      Ms. Williams is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7.      Clarity is a Delaware corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8.      Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 32301.

9.      Clarity is a *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and

uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Clarity's Inaccurate Credit Reports Regarding Ms. Williams

10.    At some point in or prior to 2019, Clarity began maintaining a credit file on Ms. Williams.

11.    Clarity programs its systems to obtain and report as much information about consumers as possible, with almost no regard for the quality, accuracy, or truthfulness of the data.

12.    For example, Clarity incorporated ten different driver's license numbers into its file on Ms. Williams, nine of which it lists as being from Florida.

13.    Ms. Williams has only ever had one Florida driver's license number.

14.    Further, one of the driver's license numbers Clarity incorporated into its file on Ms. Williams is from Alabama, a state which Ms. Williams has never lived in nor from which she has ever sought to obtain a license:

| Driver's License Number and State | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| XXXXXXXXX7820 AL | 4/25/2020  8:24:48 am EDT 7zs78sxkfc | 4/25/2020  8:24:48 am EDT 7zs78sxkfc | 1 |

15.    Clarity's credit disclosure to Ms. Williams lists only the last four digits of each driver's license number, with the remaining digits redacted.

16.    Upon information and belief, Clarity provided the full, unredacted license numbers to creditors who obtained Ms. Williams' credit report.

17.    Ms. Williams did not ask Clarity to redact any of the information in her disclosure, nor did Clarity have any authority to so per the FCRA when it provides that information to creditors in full.

18.    A Florida driver's license consists of 13 digits including one letter followed by 12 numbers.

19.    Many of the "driver's license" numbers Clarity reported contain fewer than 13 characters, meaning they had no potential accuracy whatsoever.

20.    "Credit Cube," an online lender that issues loans with interest rates over 700% despite its being unlawful in most states, provided one of the obviously false, ten-digit license numbers to Clarity.

21.    In all likelihood, Credit Cube purchased Ms. Williams' information from an unregulated data broker who obtained it from yet another broker.

22.    Despite the information clearly not conforming to the nomenclature Florida utilizes and having little chance of being accurate, Clarity incorporated it into Ms. Williams' credit file.

23.    As another example, Clarity incorporated a "Housing Status" of "FALSE" into its file on Ms. Williams on November 22, 2021.

| Housing Status | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reporte |
|---|---|---|---|
| FALSE | 11/22/2021 1:23:58 pm EST gmttn6tf0w | 11/22/2021 1:23:58 pm EST gmttn6tf0w | 1 |

24.    The "FALSE" status is mere placeholder Clarity's systems automatically insert when a data furnisher does not report a consumer's housing status or reports it in a format Clarity's systems cannot parse.

25.    When it sold reports about Ms. Williams, at no point did Clarity disclose that a considerable amount of the information in those reports consists of dummy/placeholder values.

26.    As another example, on November 22, 2021, Clarity incorporated an employer address of "123 MAIN STREET DAYTONA BEACH FL" into its file on Ms. Williams.

| Employer Address | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 123 MAIN STREET DAYTONA BEACH FL | 11/22/2021 1:20:29 pm EST sg158k9s1e | 11/22/2021 1:20:29 pm EST sg158k9s1e | 1 |

27.    This address does not exist, and moreover, no data furnisher actually reported such an address.

28.     This, too, is simply a placeholder value that Clarity's systems automatically insert when a data furnisher does not report an employer's address or reports it in a manner Clarity's systems cannot parse.

29.     On November 22, 2021, Clarity incorporated an occupation of "C250" into its file on Ms. Williams, which, as common-sense dictates, is not an occupation and is also likely placeholder data:



30.     Clarity should have been aware its reporting of "C250" was in error as a few weeks later, on December 17, 2021, Clarity incorporated an occupation of "NURSE PRACTITIONER (sic)" into its file on Ms. Williams.



31.     Finally, on May 10, 2021, Clarity incorporated a checking account with "Crews Bank & Trust" into its file on Ms. Williams.



32.     Ms. Williams does not have, nor has she ever had, a checking account with Crews Bank & Trust.

33.    "Credit Ninja," an online lender that issues loans with interest rates over 200% despite its being illegal in most states, reported this information to Clarity.

34.    Credit Ninja also reported that Ms. Williams was born in 1965, a date more than two decades earlier than her actual birth, and that she had a ten-digit Florida driver's license number ending in -3743.

35.    None of this information is remotely accurate, nonetheless, Clarity's Hoover-like systems simply vacuumed up the data and deposited it into Ms. Williams' credit file without any consideration for whether the data could possibly be true.

36.    Clarity maintains few, if any, data standardization metrics or policies, resulting in data furnishers often reporting information in wildly different formats.

37.    For example, a data furnisher may report "monthly income" as *weekly* or *yearly* income, which Clarity then lists under "monthly" income.

38.    As a subsidiary of Experian Information Solutions ("Experian"), one of the largest CRAs in the world, Clarity operates in stark contrast to its parent company.

39.    While Experian enforces "Metro 2" guidelines, industry standards which contain hundreds of pages of explanations regarding how to report

information covering almost every conceivable scenario, which other large CRAs use to serve as a common language, Clarity requires no such compliance and has no discernable quality-assurance standards.

40.    Indeed, Clarity frequently reports lengths of employment and residential history that exceed one million years, in addition to other clearly false information.

41.    The FCRA is clear in its requirement that, as a CRA, Clarity must prepare accurate reports:

> **Accuracy of Report.** Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. §1681e(b).

42.    The FCRA required Clarity to follow reasonable procedures to ensure the maximum possible accuracy of the information Clarity reported concerning Ms. Williams.

43.    When it sold reports regarding Ms. Williams, Clarity knew, or should have known, that even under a best-case scenario it was selling out-of-date information it had gathered without regard to accuracy or completeness.

### Clarity's Disclosure to Ms. Williams on November 4, 2024

44.    On or about November 4, 2024, Ms. Williams requested her consumer credit disclosure from Clarity.

45.     Upon receipt of Ms. Williams' request, the FCRA required Clarity to disclose all information "clearly and accurately" in Ms. Williams' file at the time of her request, including the identity of each person who obtained a consumer report from Clarity within the prior year for any purpose. If a reseller procured the report, "person" would include an end-user. *See* 15 U.S.C. § 1681g(a)(3)(A)(ii).

46.     The FCRA defines "Identification" as "the name of the person or, if applicable, the trade name (written in full) under which such person conducts business." 15 U.S.C. § 1681g(a)(3)(B)(i).

47.     Frequently, Clarity fails to fulfill its legal obligations regarding disclosure of this data, as it provides incomprehensible combinations of letters as the purported end-user of its consumer reports.

48.     For example, Clarity disclosed an inquiry made on October 10, 2024, as:

| 10/10/2024 7:59:59 pm EDT 41916327267 | Pre-screen | CCFLOW/TLS/AF247 |
| --- | --- | --- |

49.     In essence, Clarity disclosed three (3) different persons supposedly all making a single credit inquiry, without indicating which entity or entities actually requested the report.

50.     Clarity disclosed these entities using abbreviations no reasonable consumer would understand.

51.     Clarity provided no address, phone number, or other information regarding the inquiry.

52.    Indeed, upon receipt of her Clarity disclosure, Ms. Williams did not know who obtained her credit report on October 10, 2024, or the reason for the inquiry.

53.    Clarity does not provide consumers with a guide or legend to assist in decoding its inquiries.

54.    Clarity also disclosed the aforementioned driver's license numbers but redacted all but four of the digits.

55.    The fact that it redacted the driver's license numbers indicates that Clarity questioned if the information was actually associated with Ms. Williams.

56.    As a result of Clarity's actions, Ms. Williams has suffered damage, including wasted time, lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to her reputation.

57.    Clarity has also denied Ms. Williams information to which she is legally entitled, i.e., the identity of the end-user of her consumer reports.

58.    Ms. Williams has hired the undersigned law firm to represent her in this matter and has assigned the firm her right to fees and costs.

**COUNT I**
**CLARITY'S WILLFUL VIOLATIONS OF 15 U.S.C. § 1681e(b)**

59.    Ms. Williams adopts and incorporates Paragraphs 1 through 58 as if fully restated herein.

60.    Clarity violated 15 U.S.C. § 1681e(b) when it failed to follow reasonable procedures to ensure the maximum possible accuracy of the consumer reports it sold regarding Ms. Williams, as it sold multiple consumer reports containing placeholder information, false employment information, false driver's license information, and false bank account information.

61.    Numerous consumers have sued Clarity for similar violations, and Clarity knows that it frequently sells reports with out-of-date, false tradeline information.

62.    Clarity's conduct was either willful or performed with a reckless disregard for Ms. Williams' rights under the FCRA.

63.    As a result of its conduct, Clarity is liable to Ms. Williams for the greater of Ms. Williams's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Williams respectfully requests this Honorable Court enter judgment against Clarity for:

a.    The greater of Ms. Williams' actual damages or statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.     Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C.

§ 1681n(a)(3); and,

d.     Such other relief this Court deems just and proper.

**COUNT II**
**CLARITY'S NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681e(b)**
**(Pled in the Alternative to Count I)**

64.    Ms. Williams adopts and incorporates Paragraphs 1 through 58 as if fully restated herein, and strictly pled in the alternative to Count I.

65.    Clarity owed Ms. Williams a legal duty to utilize reasonable procedures to ensure the maximum possible accuracy of its consumer reports regarding Ms. Williams.

66.    Clarity breached this duty when it sold multiple consumer reports containing placeholder information, false employment information, false driver's license information, and false bank account information.

67.    Clarity's breach amounts to a negligent violation of 15 U.S.C. § 1681e(b). As a result, Ms. Williams is entitled to her actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Ms. Williams respectfully requests this Honorable Court enter judgment against Clarity for:

a.     Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and

c.     Such other relief this Court deems just and proper.

**COUNT III**
**CLARITY'S WILLFUL VIOLATIONS OF 15 U.S.C. § 1681g(a)(3)(A)(ii)**

68.     Ms. Williams adopts and incorporates Paragraphs 1 through 58 as if fully restated herein.

69.     Clarity violated 15 U.S.C. § 1681g(a)(3)(A)(ii) when it failed to identify each person, including the end-user, when applicable, that procured Ms. Williams' consumer report during the one-year period preceding the date on which she made the request.

70.     Clarity is aware that its consumer disclosures fail to properly identify end-users via multiple consumer lawsuits complaining of same.

71.     Clarity's conduct was either willful and intentional, or performed with a reckless disregard for its duties to provide clear and accurate disclosures pursuant to the FCRA.

72.     As a result of its conduct, Clarity is liable to Ms. Williams for the greater of Ms. Williams's actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Williams respectfully requests this Honorable Court enter judgment against Clarity for:

a.    The greater of Ms. Williams' actual damages or statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.    Such other relief that this Court deems just and proper.

## COUNT IV
## CLARITY'S NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681g(a)(3)(A)(ii)
### (Pled in the alternative to Count III)

73.    Ms. Williams adopts and incorporates Paragraphs 1 through 58 as if fully restated herein, and strictly pled in the alternative to Count III.

74.    Clarity owed Ms. Williams a legal duty to disclose the identity of each user that obtained her consumer report within one year of Ms. Williams' request.

75.    Clarity breached this duty when it failed to identify each person, including the end-user, when applicable, that procured Ms. Williams' consumer report during the one-year period preceding the date on which she made the request.

76.    Clarity's breach amounts to a negligent violation of 15 U.S.C. § 1681g(a)(3)(A)(ii), and Ms. Williams is thus entitled to her actual damages, attorneys' fees, and costs pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Ms. Williams respectfully requests this Honorable Court enter judgment against Clarity for:

a.    Ms. Williams' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.    Such other relief this Court deems just and proper.

## COUNT V
## CLARITY'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(1)

77.    Ms. Williams adopts and incorporates Paragraphs 1 - 58 as if fully stated herein.

78.    Clarity violated 15 U.S.C. § 1681g(a)(1) when it failed to clearly and accurately disclose all information in its file on Ms. Williams upon her request, as it redacted the driver's license numbers associated with Ms. Williams' file in its disclosure to her.

79.    Through litigation, Clarity is aware that its disclosures to consumers fail to properly disclose this information.

80.    Clarity's conduct was thus willful and intentional, or, alternatively, performed with reckless disregard for its duties under the FCRA to provide clear and accurate disclosures.

81.    As a result of its conduct, Clarity is liable to Ms. Williams pursuant to the FCRA for the greater of Ms. Williams' actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE**, Ms. Williams respectfully requests this Honorable Court enter judgment against Clarity for:

a.    The greater of Ms. Williams' actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.    Such other relief that this Court deems just and proper.

## COUNT VI
### CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(1)
(Pled in the alternative to Count V)

82.    Ms. Williams adopts and incorporates Paragraphs 1 - 58 as if fully restated herein and strictly pled in the alternative to Count V.

83.    Clarity owed Ms. Williams a legal duty to accurately disclose all information in its file upon Ms. Williams' request.

84.    Clarity breached this duty when it provided Ms. Williams with a redacted version of the driver's license numbers associated with her file.

85.    Clarity's breach amounts to a negligent violation of 15 U.S.C. § 1681g(a)(1), and Ms. Williams is entitled to her actual damages, attorneys' fees, and costs pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Ms. Williams respectfully requests this Honorable Court enter judgment against Clarity for:

a.    Ms. Williams' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.    Such other relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Ms. Williams demands a jury trial on all issues so triable.

Respectfully submitted on January 23, 2025, by:

**SERAPH LEGAL, P. A.**

*/s/ Megan A. Rosenberg*
Megan A. Rosenberg, Esq.
Florida Bar No.: 1005213
MRosenberg@seraphlegal.com
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230 (Ext. 404)
Fax: 855-500-0705
*/s/ Bryan J. Geiger*
Bryan J. Geiger, Esq.
Florida Bar No.: 119168
2124 W. Kennedy Blvd Ste. A
Tampa, Florida 33605
Tel: 813-567-1230 (Ext: 302)
BGeiger@SeraphLegal.com
*Counsel for Plaintiff*